UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE STRINGER,

      Plaintiff,                                Case No. 17-cv-10999
                                                  Hon. Matthew F. Leitman

v.

FYRE, SHIELFIED AND KING,

      Defendants.
_____/

## <u>ORDER ALLOWING EXPANSION OF THE RECORD</u>

Plaintiff Dwayne Stringer is a state prisoner confined at the Macomb Correctional Facility in New Haven, Michigan. On March 28, 2017, Stringer filed this prisoner civil-rights action in which he alleges that he was "brutal[l]y attacked" by the Defendants, three correctional officers. (*See* ECF #1 at Pg. ID 3.)

On June 8, 2017, prior to the start of discovery, Defendants moved for summary judgment on the basis that Stringer did not exhaust his administrative remedies. (*See* ECF #15.) More specifically, Defendants asserted that under applicable policies of the Michigan Department of Corrections, Stringer failed to complete a required grievance process before he filed this action. (*See id.*)

The assigned Magistrate Judge agreed with the Defendants. On August 9, 2017, she issued a Report and Recommendation in which she recommended that the court grant Defendants' summary judgment motion and dismiss Stringer's

Complaint without prejudice (the "R&R"). (*See* ECF #21.) The Magistrate Judge concluded that "[i]n light of the present record, [Stringer] appears not to have exhausted [his] administrative remedies against [the] Defendant[s]." (*Id.* at Pg. ID 88.)

Stringer filed timely objections to the R&R on October 11, 2017. (*See* ECF #31.) In the Objections, Stringer insists that he "made every effort to exhaust [his administrative remedies] only to have the Defendant's [sic] directly or indirectly interfere[] with the [grievance] process." (*Id.* at Pg. ID 133.)

The record before the Court does not include any evidence as to how Defendants allegedly interfered with Stringer's ability to exhaust his administrative remedies and complete the grievance process. However, when reviewing a report and recommendation, the Court may expand in the record in order to "receive further evidence." 28 U.S.C. § 636(b)(1). *See also Muhammad v. Close*, 2009 WL 875520, at *2 (6th Cir. Apr. 20, 2009) (citing with approval decisions of Fifth and Ninth Circuits holding that "district courts have the discretion … to consider evidence presented for the first time in a party's objections to a magistrate judge's report"); *Bodman v. Dennis*, 2013 WL 2458383, at ** 2-3 (W.D. Mich. June 6, 2013) (collecting cases from the First, Second, Third, Fifth, Seventh, Ninth and Eleventh Circuits recognizing a district court's discretion to consider new evidence when resolving objections to a magistrate judge's report and recommendation).

Accordingly, the Court will allow Stringer to supplement and expand the record with respect to his Objections.  By no later than **December 15, 2017,** Stringer may file with the Court either a notarized affidavit or a declaration under the penalty of perjury pursuant to 28 U.S.C § 1746[1] that sets forth in *specific* detail all of the facts that support his allegation that the Defendants allegedly interfered with his ability to complete the grievance process.  The affidavit or sworn declaration shall be typed[2] or hand-written in a *legible* format, meaning that if Stringer chooses the hand-writing option, he shall (1) write on every other line of his paper (*i.e*., he must leave a blank line in between the lines of text that he writes); (2) use both uppercase and lowercase letters (*i.e*., he must not use all capital letters); and (3) avoid writing within one inch of the top or bottom of each page.  The Court imposes these

---

[1] 28 U.S.C. § 1746(2) provides: Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)".

[2] Stringer has previously filed typed filings with the Court. (*See* Objections, ECF #31.)

requirements for Stringer's benefit so that the Court can discern and fully consider the content of his affidavit or sworn declaration.

If Stringer files such an affidavit or sworn declaration as set forth above by **December 15, 2017**, the Court will consider that submission when ruling upon his Objections to the R&R.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 14, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764