UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DWAYNE STRINGER,

    Plaintiff,                                      Case No. 17-cv-10999
                                                      Hon. Matthew F. Leitman

v.

FYRE, SHIELFIED AND KING,

    Defendants.
_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF #31), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF #21), (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF #15), AND (4) DISMISSING COMPLAINT (ECF #1) WITHOUT PREJUDICE**

Plaintiff Dwayne Stringer is a state prisoner confined at the Macomb Correctional Facility in New Haven, Michigan. On March 28, 2017, Stringer filed a prisoner civil-rights action in which he alleges that he was "brutal[l]y attacked" by the Defendants, three correctional officers. (*See* ECF #1 at Pg. ID 3.) Defendants moved for summary judgment on the basis that Stringer failed to exhaust his administrative remedies before filing this action. (*See* ECF #15.)

On August 9, 2017, the assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the court grant Defendants' motion and dismiss Stringer's Complaint without prejudice (the "R&R"). (*See* ECF

1

#21.) The Magistrate Judge concluded that "[i]n light of the present record, [Stringer] appears not to have exhausted [his] administrative remedies against [the] Defendant[s]." (*Id.* at Pg. ID 88.)

Stringer filed timely objections to the R&R on October 11, 2017 (the "Objections"). (*See* ECF #31.) In the Objections, Stringer insists that he "made every effort to exhaust [his administrative remedies] only to have the Defendant's [sic] directly or indirectly interfere[] with the [grievance] process." (*Id.* at Pg. ID 133.) However, Stringer did not present any evidence as to how Defendants allegedly interfered with his ability to exhaust his administrative remedies and complete the grievance process. Because the Court wanted to provide Stringer an opportunity to present such evidence before it ruled on the Objections, it entered an Order Allowing Expansion of the Record on September 14, 2017. (*See* ECF #37.) In that Order, the Court told Stringer that:

> By no later than **December 15, 2017,** [he] may file with the Court either a notarized affidavit or a declaration under the penalty of perjury pursuant to 28 U.S.C § 1746 that sets forth in *specific* detail all of the facts that support his allegation that the Defendants allegedly interfered with his ability to complete the grievance process. The affidavit or sworn declaration shall be typed or hand-written in a *legible* format, meaning that if Stringer chooses the hand-writing option, he shall (1) write on every other line of his paper (*i.e.*, he must leave a blank line in between the lines of text that he writes); (2) use both uppercase and lowercase letters (*i.e.*, he must not use all capital letters); and (3) avoid writing within one inch of the top or bottom of each page. The Court imposes these requirements for

> Stringer's benefit so that the Court can discern and fully consider the content of his affidavit or sworn declaration. If Stringer files such an affidavit or sworn declaration as set forth above by **December 15, 2017**, the Court will consider that submission when ruling upon his Objections to the R&R.

(*Id.* at Pg. ID 154-55; footnotes omitted; emphasis in original.)

Stringer has not filed an affidavit or declaration as the Court described in its September 14 Order. Nor has he provided any other evidence that could establish how the Defendants allegedly interfered with his ability to complete the grievance process. Instead, Stringer has filed two hand-written, largely indecipherable letters with the Court. (*See* ECF ## 39, 41.) It is not entirely apparent what Stringer is attempting to say in these letters, and the Court cannot discern from these documents a clear explanation as to how the Defendants allegedly interfered with Stringer's ability to complete the grievance process. Moreover, these letters (1) are not either "a notarized affidavit or a declaration under the penalty of perjury pursuant to 28 U.S.C § 1746" and (2) do not comply with the legibility requirements outlined above. Thus, because Stringer has not presented any evidence to support his assertion that Defendants interfered with his ability to complete the grievance process, the Court overrules the Objections.

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

- Stringer's Objections to the R&R (ECF #31) are **OVERRULED**;

- The Magistrate Judge's recommended dispotiion in the R&R (ECF #21) is **ADOPTED**;

- Defendants' motion for summary judgment (ECF #15) is **GRANTED**; and

- Stringer's Complaint (ECF #1) is **DISMISSED WITHOUT PREJUDICE**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 31, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764